Stanley J. Madziarz v. Commissioner.
Madziarz v. Commissioner
Docket No. 7974-70 SC.
United States Tax Court
T.C. Memo 1971-286; 1971 Tax Ct. Memo LEXIS 47; 30 T.C.M. (CCH) 1226; T.C.M. (RIA) 71286; November 8, 1971, Filed. Stanley J. Madziarz, pro se, 143 Clark St., Auburn, N. Y. George W. Connelly, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $284.03 in petitioner's income tax for the taxable year 1968. The only issue before us involves the disallowance of two dependency exemptions claimed by petitioner. Petitioner had his legal residence in Auburn, New York, at the time of the filing of his petition herein. He filed his 1968 Federal income tax return with the district director of internal revenue at Buffalo, New York. *48 Petitioner and Bernice Townsend (hereinafter "Bernice") were married on July 19, 1958. Four children were born of the marriage: David, born on April 30, 1959; Susan, born on April 18, 1961; Michael, born on December 12, 1963; and Mary Jo, born on October 21, 1965. In September 1967, petitioner and his wife separated and continued to be separated throughout the taxable year 1968. During the taxable year 1968, petitioner contributed $1,370 for the support of the four children. The Department of Social Services of Auburn, New York, contributed $78.50 for medical expenses for the children during that year. All of the children resided with Bernice during the entire year. Bernice had gross income of $4,553.58 for the taxable year 1968. During that year she expended $1,064 for rent and at least $1,500 for food for herself and the children. She also spent at least $800 for other items of support for the four children. Petitioner claimed dependency exemptions for David and Susan on his 1968 tax return. Since petitioner contributed in excess of $1,200 for the support of the four children of the marriage, the burden of proof was upon the respondent to show by a clear preponderance of *49 the evidence that Bernice, who had custody of the children, provided more support for the children than petitioner did. Section 152(e)(2)(B); Allen F. Labay, 55 T.C. 6 (1970), on appeal (C.A. 5, Jan. 4, 1971). Bernice testified at the trial and we found her a credible witness. Even if we discount to a degree the figures to which she testified, it is clear that she furnished at least $2,850 for the support of the four children as compared to the $1,370 furnished by petitioner. Consequently, respondent has satisfied his burden of proof. We might add that we would reach the same conclusion even if the standard of proof imposed upon respondent were measured by "clear and convincing evidence" as distinguished from a clear preponderance of the evidence. [1] See Allen F. Labay, supra, 55 T.C. at 13. Petitioner seeks to allocate the entire $1,370 contributed by him to the support of two of the four children (David and Susan). The *50 record indicates that petitioner was obligated to contribute to the support of all four children equally. [2] In any event, even if we were to accept petitioner's claimed allocation, his claim would still have to be rejected. On the basis of his own figures, he contributed only $685 for the support of each of the two children (1/2 of $1,370), while the facts show that Bernice contributed at least $712.50 (1/4 of $2,850) for the support of each child. Decision will be entered for the respondent. 1227 Footnotes
1. Compare section 1.152-4(d)(3), Income Tax Regs., establishing the "clear and convincing" standard, which was recently amended by T.D. 7145↩, published on October 14, 1971, to adopt the "clear preponderance" standard.
2. The record herein was kept open for 30 days to give petitioner an opportunity to submit further evidence to support his claimed allocation but we received no such evidence or any request for an extension of time within which to furnish it.↩